UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Catherine GOREY, <br><br>　　　　　　　　　　Plaintiff, <br>v. <br>SCRIPPS HEALTH, <br>　　　　　　　　　　Defendant. | Case No.: 23-cv-0519-AGS-DEB <br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO CONSOLIDATE AND APPOINT INTERIM COUNSEL AND GRANTING LEAVE TO AMEND** |
|---|---|
| John DOE 1, et al., <br><br>　　　　　　　　　　Plaintiff, <br>v. <br>SCRIPPS HEALTH, <br>　　　　　　　　　　Defendant. | Case No.: 23-cv-2215-AGS-DEB <br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO CONSOLIDATE AND APPOINT INTERIM COUNSEL AND GRANTING LEAVE TO AMEND** |

　　　The parties request that this Court consolidate these two related class cases, both against Scripps Health and arising from the same general claims. That request is **GRANTED**. The Court grants **LEAVE TO AMEND** in *Doe*, 23cv2215, to file an amended complaint which may only be updated to include the parties, attorneys, and claims from *Gorey*. That amended complaint must be filed by March 22, 2024. The Clerk will **CLOSE** *Gorey*, 23cv0519, as duplicative.[1]

　　　The request to appoint interim counsel, however, is **DENIED WITHOUT PREJUDICE**. "In some cases . . . there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate" in putative class cases so that the class is represented by a single attorney or set of attorneys. Fed. R. Civ. P. 23 2003 advisory committee's note. But here, the parties have only identified these two, now consolidated

---

[1] This moots any jurisdictional questions arising from the *Gorey* removal.

cases, as potentially rivaling one another. "Nor is there a gaggle of law firms jockeying to be appointed class counsel," since the only "law firms on the case seek appointment as *co-interim class counsel*." *In re Nest Labs Litig.*, No. 14-CV-01363-BLF, 2014 WL 12878556, at *2 (N.D. Cal. Aug. 18, 2014) (cleaned up). "There does not appear to be any rivalry" between those firms "nor any uncertainty as to their respective roles" as co-counsel. *Id.* Thus, there is no need to "appoint interim class counsel merely to maintain the status quo." *See id.* If additional suits come along, or additional firms come out of the woodwork attempting to represent the class, the parties may request the Court revisit the issue.

Dated: February 23, 2024

_____
Hon. Andrew G. Schopler
United States District Judge